STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

JAMES W. GALLIGAN

Vs.

C.A. No.: 06-237 WC2006-237

ARAMARK MANAGEMENT SERVICES LIMITED

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
APR 13 PM 1:47

## COMPLAINT

(1) Plaintiff, James W. Galligan, is currently a resident of the Town of Wakefield, County of Washington, State of Rhode Island.

(2) Defendant, Aramark Management Services Limited, is a corporation registered to do business in the State of Rhode Island.

(3) The subject matter of this cause of action is proper in Washington County Superior Court pursuant to R.J.G.L. § 28-5-24.1 of the General Laws of Rhode Island.

(4) Plaintiff was hired by Defendant in February of 1991, as a Primary Systems Operations Manager to provide services in varying degrees of responsibility at various facilities throughout the United States which included the State of Rhode Island MHRH.

(5) In July of 2003, Plaintiff took a medical leave of absence and went on Short Term Disability. In December of 2003, Plaintiff was placed on Long Term Disability prior to the expiration of his Short Term Disability Benefits .

(6) On January 3, 2004, Plaintiff underwent a liver transplant. On September 1, 2004 Plaintiff was deemed capable to return to work on a full time basis with no restrictions by his doctor, James J. Pomposelli, M.D., Ph.D., of Lahey Clinic.

(7) Defendant refused to allow Plaintiff to return to work, alleging that Plaintiff was disabled and had been terminated pursuant to notification and election of long term disability benefits on December 24, 2003.

(8) Plaintiff filed a complaint with the State of Rhode Island Commission for Human Rights against Aramark Management Services Limited. On January 5, 2006, a Preliminary Investigation carefully reviewed and considered the information gathered during the course of the investigation by members of the Commission staff. The Commissioner determined there is probably cause to believe that Aramark Management Services Limited violated the Rhode Island Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island and the Rhode Island Civil Rights of People with Disabilities Act, Title 42, Chapter 87 of the General Laws of Rhode Island.

(9) On or about March 2, 2006, the State of Rhode Island Commission for Human Rights terminated any further processing of the charge and issued a Notice of Right to Sue in Superior Court pursuant to Section 28-5-24.1(c)of the General Laws of Rhode Island in the matter of James Galligan versus Aramark Management Services. See attached exhibit "A".

(10) Due to Defendant's violation of the above mentioned General Laws of Rhode Island, Plaintiff, who is currently unemployed as a result of such discrimination, has suffered and will continue to suffer damages for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for relief as follows:

(A) That this court award Plaintiff damages for any and all lost wages, benefits and the like incurred throughout the duration of this law suit including reasonable attorney's fees and costs of suit.

(B) That the court award to the Plaintiff any and all other relief that it deems meet and just.

Plaintiff, By His Attorney,

NATHANIEL J. NAZARETH, JR., ESQUIRE
Law Office of Nathaniel J. Nazareth, Jr., PC
36 South County Commons Way, Unit C-8
P.O. Box 788
Wakefield, RI 02880-0788
I.D. No.: 3241 (401) 782-2270

LET CITATION ISSUE RETURNABLE: ______________________

309061A

# State of Rhode Island and Providence Plantations

............................................., SC

## PROOF OF SERVICE

I hereby certify that on the ..................day of ................................ I served a copy of this summons and a copy of the complaint received therewith upon ............................................................................................................................................................................................ in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house. ................................................................................................ (address) with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his usual place of abode, ........................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely .............................................................................................................................

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................................................................................................................

..............................................................................................................................

..............................................................................................................................

Sheriff's Fees

Travel . . . . . . $ ..................

Service. . . . . . $ ..................

$ ..................

..............................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ....................

SUMMONS

SUPERIOR COURT

VS

ATTORNEY FOR PLAINTIFF

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [X] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. ...

James W. Galligan
Plaintiff

Aramark Management Services, Limited
Defendant

**Summons**

*To the above-named Defendant:*

The above-named *Plaintiff* has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Nathaniel J. Nazareth, Jr., Esquire Plaintiff's attorney, whose address is 35 South County Commons Way, Unit C-6, P.O. Box 788, Wakefield, RI 02880-0788 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: April 13, 2006

(Seal of the Superior Court)

A true copy attest
[signature] #6070
Date 6/21/06

S-135 (REV. 10/00)