UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES W. GALLIGAN,

Plaintiff,

v.

ARAMARK MANAGEMENT SERVICES LIMITED,

Defendant.

C.A. No. 06-290T

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, ARAMARK Management Services Limited Partnership (incorrectly named in the caption as "ARAMARK Management Services Limited"), by and through its undersigned attorneys, answers to the Complaint in the within matter as follows:

1. ARAMARK lacks knowledge or information sufficient to form a belief as to the residence and citizenship of Plaintiff. By way of further answer, ARAMARK's records reflect that Plaintiff's last known address is 60 Peaked Rock Road, Wakefield, RI 02879.

2. Admitted.

3. The allegations of Paragraph 3 are conclusions of law to which no responsive pleading is required.

4. Admitted in part; denied in part. ARAMARK admits that Plaintiff was hired by ARAMARK in February of 1991. ARAMARK denies that Plaintiff was hired as a "Primary Systems Operations Manager to provide services in varying degrees of responsibility at various facilities throughout the United States which included the State of Rhode Island MHRH." By way of further answer, ARAMARK hired Plaintiff as a Senior Technical Services

Manager to provide services specifically in connection with ARAMARK's contract with the State of Rhode Island Energy (Chesapeake Energy).

5. Admitted in part; denied in part. ARAMARK admits that in June of 2003, Plaintiff took a medical leave of absence and began receiving Short Term Disability. ARAMARK further admits that Plaintiff began receiving Long Term Disability in December of 2003. ARAMARK denies the remaining allegations of paragraph 5 of the Complaint.

6. ARAMARK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. Admitted in part; denied in part. ARAMARK admits that Plaintiff was terminated on December 24, 2003. ARAMARK denies the remaining allegations of paragraph 7 of the Complaint.

8. Admitted in part; denied in part. ARAMARK admits that Plaintiff filed a complaint with the Rhode Island Commission for Human Rights against ARAMARK Management Services, Ltd. ARAMARK further admits that the Commission issued a determination on January 5, 2006, the terms of which speak for themselves. ARAMARK denies the remaining allegations of paragraph 8 of the Complaint.

9. Admitted.

10. Inasmuch as ARAMARK denies that it has discriminated against Plaintiff, ARAMARK denies that Plaintiff is entitled to any of the remedies set forth in paragraphs 10(a)-(b) of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

2. ARAMARK at all times made a good-faith effort to prevent discrimination in the workplace and consistently maintained, implemented, and enforced a policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discriminatory behavior. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided or to avoid harm otherwise.

3. ARAMARK's actions were justified by legitimate, non-discriminatory and non-retaliatory business reasons.

4. ARAMARK's actions were based upon reasonable factors other than Plaintiff's alleged disability.

5. ARAMARK at all times made good faith efforts to comply with applicable law.

6. To the extent that Plaintiff failed to exhaust his administrative remedies, his claims are barred, in whole or in part.

7. To the extent that Plaintiff failed to satisfy the applicable statutes of limitations and/or filing periods, his claims are barred.

8. Plaintiff's claims for monetary relief are barred to the extent he has failed to mitigate and minimize his damages, if any.

9. ARAMARK reserves the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, Defendant, ARAMARK Management Services Limited Partnership, requests that the Complaint be dismissed in its entirety, with costs of the action.

ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP

By its Attorneys,

Dated: June 28, 2006

Michael F. Kraemer (#6751)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02906
401-457-5196
401-457-5197 (fax)

OF COUNSEL:

William J. Delany
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215-963-5066

**CERTIFICATE OF SERVICE**

I, Michael F. Kraemer, hereby certify that on this 28th day of June 2006, I served a true and correct copy of the foregoing Answer and Affirmative Defenses by first class mail, postage prepaid, on the following:

Nathaniel J. Nazareth, Jr., Esquire
Law Office of Nathaniel J. Nazareth, Jr., P.C.
36 South County Commons Way, Unit C-8
P.O. Box 788
Wakefield, RI 02880-0788

Michael F. Kraemer

#733082v1 (59494/128950)