UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES W. GALLIGAN,

Plaintiff,

v.

ARAMARK MANAGEMENT SERVICES LIMITED,

Defendant.

C.A. No. 06-290T

**ORDER**

Now, this _______ day of _____________, 2007, having considered Defendant ARAMARK Management Services Limited Partnership's Motion for Summary Judgment and any opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

SO ORDERED BY THE COURT:

_________________________________
Torres, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES W. GALLIGAN,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK MANAGEMENT SERVICES LIMITED,<br><br>Defendant. | C.A. No. 06-290T |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant ARAMARK Management Services Limited Partnership hereby moves for summary judgment with respect to Plaintiff James Galligan's Complaint. In support of this Motion, Defendant relies upon the accompanying Statement of Undisputed Facts, Memorandum of Law in Support thereof and documents contained in the Appendix.

Counsel for ARAMARK requests an oral argument on ARAMARK's Motion for Summary Judgment. Counsel estimates that 1 hour will be required.

Dated: November 9, 2007

ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP

By its Attorneys,

/s/ Michael F. Kraemer

Michael F. Kraemer (#6751)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02906
401-457-5196
401-457-5197 (fax)

/s/ William J. Delany

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215-963-5066/5718
215-963-5001 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES W. GALLIGAN,

Plaintiff,

v.

ARAMARK MANAGEMENT SERVICES LIMITED,

Defendant.

C.A. No. 06-290T

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT**

Michael F. Kraemer (#6751)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02906
401-457-5196
401-457-5197 (fax)

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215-963-5066/5718
215-963-5001 (fax)

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. STATEMENT OF UNDISPUTED FACTS .......... 2

III. ARGUMENT .......... 2

A. The Summary Judgment Standard .......... 2

B. The Court Should Grant ARAMARK Summary Judgment With Respect To Plaintiff's Age Discrimination Claims Because He Has Withdrawn Them. .......... 3

C. The Court Should Grant ARAMARK Summary Judgment With Respect To Plaintiff's Disability Discrimination Claims. .......... 3

1. Plaintiff's Claims Are Time-Barred .......... 3

2. Even If Somehow Not Time-Barred, Plaintiff's Disability Discrimination Claims Still Fail. .......... 4

a. Plaintiff Cannot Establish A Prima Facie Case of Discrimination Because His Liver Condition Was Only Temporary .......... 5

b. Plaintiff Was Not A "Qualified Individual" At The Time Of His Employment Termination Because He Was Completely Unable To Work .......... 6

c. Plaintiff Cannot Dispute ARAMARK's Legitimate, Non-Discriminatory Reason For Terminating His Employment Or His Failure To Be Reinstated .......... 8

3. To The Extent That Plaintiff Claims That ARAMARK Discriminated Against Him By Failing To Rehire Him, This Claims Also Fails .......... 10

IV. CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Page**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) .......... 2

Bresett v. City of Claremont,
218 F. Supp. 2d 42 (D.N.H. 2002) .......... 9

Bryant v. Caritas Norwood Hosp.,
345 F. Supp. 2d 155 (D. Mass. 2004) .......... 6

Carroll v. Xerox Corp.,
294 F.3d 231 (1st Cir. 2002) .......... 6

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) .......... 2

Cleveland v. Policy Mgmt. Sys.Corp.,
526 U.S. 795 (1999) .......... 7

Dichner v. Liberty Travel,
141 F.3d 24 (1st Cir. 1998)) .......... 5

Femino v. NFA Corp.,
No. CIV.A.06-143ML, 2007 WL 1991530 (D.R.I. June 6, 2007) .......... 7

Hatch v. Pitney Bowes, Inc.,
485 F. Supp. 2d 22 (D.R.I. 2007) .......... 7

Kriegel v. State of Rhode Island, Dep't of Corr.,
266 F. Supp. 2d 288 (D.R.I. 2003) .......... 3, 4, 5, 6, 8

Manganaro v. Delaval Separator Co.,
309 F.2d 389 (1st Cir. 1962) .......... 2

Mesnick v. Gen. Elec. Co.,
950 F.2d 816 (1st Cir. 1991) .......... 2, 3

Mister v. Illinois Cent. Gulf R.R. Co.,
832 F.2d 1427 (7th Cir. 1987) .......... 9

Phelps v. Optima Health, Inc.,
251 F.3d 21 (1st Cir. 2001) .......... 8, 10, 11

## TABLE OF AUTHORITIES

**Page**

Sullivan v. Coca-Cola Bottling Co. of Ohio/Kentucky,
182 F. App'x 473 (6th Cir. 2006) ........................................................................................ 8, 9

Tardie v. Rehab. Hosp. of Rhode Island,
6 F. Supp. 2d 125 (D.R.I. 1998), aff'd, 168 F.3d 538 (1st Cir. 1999) .......................................... 4

Toyota Motor Mfg., Ky., Inc. v. Williams
534 U.S. 184 (2002) ............................................................................................................ 6

### STATUTES

R.I. Gen. Laws § 28-5-17(a) ............................................................................................... 3

R.I. Gen. Laws § 42-87-1(7) ................................................................................................ 5

# I. INTRODUCTION

Plaintiff James Galligan ("Plaintiff") claims that Defendant ARAMARK Management Services Limited Partnership ("ARAMARK" or "Defendant") discriminated against him on the basis of his alleged disability in violation of the Rhode Island Fair Employment Practices Act ("RI FEPA") and the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA") by terminating his employment and not allowing him to return to work once he was released by his physician.[1] Defendant now moves for summary judgment.

Plaintiff, a former employee of ARAMARK, was diagnosed with cirrhosis of the liver and went out on disability leave of absence. Under ARAMARK's policy, if an individual is unable to return to work when that individual reaches the maximum 180 day limit for short term disability benefits, ARAMARK automatically terminates that individual's employment. After permitting Plaintiff to remain on short term disability for six months (approximately 13 weeks longer than provided for under the Family and Medical Leave Act), ARAMARK terminated Plaintiff's employment in accordance with its policy because Plaintiff was unable to return to work at that point. When Plaintiff finally presented himself as able to return to work nine months later, ARAMARK explained that Plaintiff needed to apply for a position through the Internet as an external applicant. Plaintiff refused to apply for any open positions. Plaintiff also refused to accept multiple job opportunities offered to him by ARAMARK employees. There is no evidence that ARAMARK enforced its policy and procedures related to leave or return to work in a discriminatory manner, and Plaintiff can present no evidence suggesting that ARAMARK used its policy and procedures as a pretext to mask a discriminatory motive. Thus,

[1] Although Plaintiff's Complaint alleges that ARAMARK also discriminated against him based on his age, he has apparently withdrawn that complaint, and instead, he believes that his lawsuit is limited to disability discrimination. (Pl. Dep. at 114:13-16).

Plaintiff cannot prevail on his claims and this Court should enter summary judgment in Defendant's favor.

## II. STATEMENT OF UNDISPUTED FACTS

ARAMARK incorporates by reference its Statement of Undisputed Facts, which sets forth the material undisputed facts of this case.

## III. ARGUMENT

### A. The Summary Judgment Standard

Federal Rule of Civil Procedure 56 mandates the entry of judgment against a party who fails to offer admissible evidence sufficient to establish the existence of every element essential to his case and on which he bears the ultimate burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 327 (1986) (stating summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'") (citation omitted). Summary judgment must be granted unless the non-moving party comes forward with affirmative evidence that clearly demonstrates that there exists a genuine issue of material fact to be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). Although the court is to view all evidence in a light favorable to the plaintiff, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Rather, the requirement is that there be no genuine issue of material fact. Id.

In order to prove that a genuine issue of material fact exists, Plaintiff "may not rest upon the mere allegations or denials of the pleadings. Fed. R. Civ. P 56(e). Nor is Plaintiff "entitled to build a case on the gossamer threads of whimsy, speculation and conjecture." Manganaro v. Delaval Separator Co., 309 F.2d 389, 393 (1st Cir. 1962). The evidence put forth "cannot be

conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." Mesnick, 950 F.2d at 822 (internal citation omitted).

Applying this standard, the Court should grant ARAMARK summary judgment with respect to Plaintiff's claims.

**B. The Court Should Grant ARAMARK Summary Judgment With Respect To Plaintiff's Age Discrimination Claims Because He Has Withdrawn Them.**

Although Plaintiff alleged in his Charge of Discrimination filed with the Rhode Island Commission for Human Rights that ARAMARK discriminated against him based on his age and alleged disability, Plaintiff testified at his deposition that he believes that his lawsuit is limited to disability discrimination. (Pl. Dep. at 114:7-16). Therefore, Plaintiff has withdrawn his age discrimination claims and ARAMARK is entitled to summary judgment in its favor on those claims.

**C. The Court Should Grant ARAMARK Summary Judgment With Respect To Plaintiff's Disability Discrimination Claims.**

**1. Plaintiff's Claims Are Time-Barred.**

Plaintiff claims that ARAMARK discriminated against him on the basis of his disability when it terminated his employment on December 24, 2003 and when he was not rehired by ARAMARK in September of 2004. However, Plaintiff's termination claims are time-barred because Plaintiff did not file his charge of discrimination with Rhode Island Commission for Human Rights until January 18, 2005, more than one year after his employment termination. Pl. Dep. at 8:17-20, 39:6-14; Ex. H. Accordingly, Plaintiff's termination claims are barred by the one year statute of limitations applicable to claims under RI FEPA and RICRPDA. R.I. Gen. Laws § 28-5-17(a) (providing RI FEPA's one-year statute of limitation); Kriegel v. State of

Rhode Island, Dep't of Corr., 266 F. Supp. 2d 288, 295-96 (D.R.I. 2003) (ruling that RI FEPA's one-year statute of limitations should also apply in actions brought under RICRPDA).

**2. Even If Somehow Not Time-Barred, Plaintiff's Disability Discrimination Claims Still Fail.**

Even assuming, arguendo, that Plaintiff's termination claims are not administratively-barred and time-barred, his claims still must fail. Because the RICRPDA's definition of a "[p]erson with a disability" mirrors the definition of a "disabled person" under the Americans with Disabilities Act ("ADA"),[2] Plaintiff's discrimination claim under the RICRPDA is governed by the same legal standards. See Kriegel, 266 F. Supp. 2d at 296 (noting that plaintiff's disability discrimination claims were all filed in triplicate under RI FEPA, RICRPDA, and RICRA and holding that "[I]rrespective of which statutory horse he rides, Kriegel must traverse the disability discrimination trail, whose contours are best understood by reference to the analysis utilized in the corresponding federal statute, the Americans with Disabilities Act of 1990"); Tardie v. Rehab. Hosp. of Rhode Island, 6 F. Supp. 2d 125, 132-33 (D.R.I. 1998) (holding that because plaintiff's ADA claims failed, her RI FEPA and RICRPDA claims must also fail because they require the same analysis), aff'd, 168 F.3d 538 (1st Cir. 1999). The undisputed factual evidence clearly demonstrates that Plaintiff is not disabled under the RICRPDA.

To recover under a disparate treatment theory, Plaintiff must show (1) that he suffers from a disability; (2) that he was nevertheless able to perform the essential functions of his job,

---

[2] The RICRPDA defines the term "qualified individual" as "a person with a disability who, with reasonable accommodations, can perform the essential functions of the job in question." R.I. Gen. Laws § 42-87-1(6). Although RICRPDA protects disabled employees who can perform the essential functions of the job "with reasonable accommodation" while the ADA protects disabled employees "with or without reasonable accommodation," this Court has previously held that "this distinction is likely meaningless and the result of inartful drafting." Kriegel, 266 F. Supp. 2d at 297 n.5.

with reasonable accommodation; and (3) that ARAMARK took an adverse employment action against him because of, in whole or in part, his protected disability. Kriegel, 266 F. Supp. 2d at 299. Where a plaintiff offers no direct evidence of a defendant's discriminatory animus, courts generally use the McDonnell Douglas burden-shifting scheme. Id. (applying the burden shifting scheme to Plaintiff's claims of disparate treatment under FEPA and RICRPDA). According to that burden-shifting scheme,

> [A] plaintiff who suffers from a disability makes out a prima facie case of employment discrimination by demonstrating that she is a member of a protected group who has been denied an employment opportunity for which she was otherwise qualified. Such a showing gives rise to an inference that the employer discriminated due to the plaintiff's disability and places upon the employer the burden of articulating a legitimate, nondiscriminatory reason for the adverse employment decision. This entails only a burden of production, not a burden of persuasion; the task of proving discrimination remains the plaintiff's at all times. Once such a reason emerges, the inference raised by the prima facie case dissolves and the plaintiff is required to show . . . that the employer's proffered reason is a pretext for discrimination.

Id. at 299-300 (quoting Dichner v. Liberty Travel, 141 F.3d 24, 29-30 (1st Cir. 1998)).

Judged under these standards, it is clear that ARAMARK is entitled to summary judgment in its favor.

### a. Plaintiff Cannot Establish A Prima Facie Case Of Discrimination Because His Liver Condition Was Only Temporary.

Plaintiff cannot demonstrate that he is a disabled individual within the meaning of the RICRPDA because he only suffered a temporary impairment. To prove a prima facie case of discrimination based on his alleged status as a disabled person, Plaintiff must first establish that he was a "person with a disability." To do this, Plaintiff must show that he: "(a) has a physical or mental impairment which substantially limits one or more major life activities; (b) has a record of an impairment; or (c) is regarded as having an impairment." R.I. Gen. Laws § 42-87-

1(7). In Toyota Motor Mfg., Ky., Inc. v. Williams, the Supreme Court held that in order to be substantially limited in a major life activity, an individual must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." 534 U.S. 184, 198 (2002). Furthermore, "[t]o be substantially limiting, '[t]he impairment's impact must . . . be permanent or long-term.'" Carroll v. Xerox Corp., 294 F.3d 231, 238 (1st Cir. 2002) (quoting Toyota Motor Mfg., Ky., Inc., 534 U.S. at 198).

Plaintiff's testimony conclusively establishes that, as a matter of law, his liver condition was not a permanent injury, but rather was temporary in nature. In fact, by September 1, 2004, Plaintiff did not have any limitations as a result of his liver condition and Plaintiff's doctor released him to "return to work on a full time basis on September 1, 2004 with no restrictions." Ex. F; Pl. Dep. at 48:22-24; 88:8-9, 89:24-90:2. Accordingly, Plaintiff's liver condition did not constitute substantially limiting condition. See Bryant v. Caritas Norwood Hosp., 345 F. Supp. 2d 155, 164 (D. Mass. 2004) (holding that plaintiff failed to adduce sufficient evidence to establish that she was disabled within the meaning of the ADA where plaintiff was "ready, willing, and able to return to work" within ten months of the onset of her eye condition).

**b. Plaintiff Was Not A "Qualified Individual" At The Time Of His Employment Termination Because He Was Completely Unable To Work.**

Plaintiff's claims that his employment termination constitutes disability discrimination must also fail because Plaintiff was completely unable to work at that point in time. Therefore, the undisputed factual evidence in this case clearly demonstrates that Plaintiff is not a "qualified individual" capable of performing the essential functions of his job, with reasonable accommodation. Kriegel, 266 F. Supp. 2d at 299.

Plaintiff admits that at the time ARAMARK terminated his employment, he was not able to return to work.

> Q: As of December 24th of 2003 what was your condition at that point in time? I mean, relative to when you went out on leave, was it still the same? Had it gotten worse? What was it?
>
> A: I deteriorated quite a bit to the point where I was having trouble thinking. I was getting a lot of ammonia built up in my body which affects your brain, just on the weak side.
>
> * * *
>
> A: I would not be able to be put back in a power plant at that time, no.
>
> Q: As of December 24th, 2003?
>
> A: That is correct.

Pl. Dep. at 46:4-17. As a result, Plaintiff concedes that as of December 24, 2003, he was simply incapable of performing the essential functions of his position, even with an accommodation.[3] Accordingly, Plaintiff disability discrimination claims based on the termination of his

---

[3] Plaintiff cannot demonstrate that he is a "qualified individual" given that Plaintiff continues to receive Social Security disability benefits. Plaintiff cannot claim in one forum that he is totally disabled and then claim in court that the opposite is true. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 798 (1999) (holding that "an ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work", so "[t]o survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could 'perform the essential functions' of her previous job, at least with 'reasonable accommodation.'"); see also Femino v. NFA Corp., No. CIV.A.06-143ML, 2007 WL 1991530, at *5 (D.R.I. June 6, 2007) (granting defendant's motion for summary judgment and holding "Plaintiff is not a qualified individual under the ADA" because she failed to demonstrate that she could perform the essential functions of her former job at the time that the discrimination took place where she alleges that she "remains disabled as defined within the meaning of the ADA having been determined by the Social Security Administration to be suffering from a life-impacting and disabling medical impairment . . . ."); Hatch v. Pitney Bowes, Inc., 485 F. Supp. 2d 22, 35, 37 (D.R.I. 2007) (dismissing plaintiff's claims of discrimination under the ADA, RIFEPA and Rhode Island Civil Rights Act and holding that plaintiff, who at all relevant times was totally disabled, was unable able to meet the threshold requirement that he be a "qualified individual with a disability.").

employment should be denied. Phelps v. Optima Health, Inc., 251 F.3d 21, 27 (1st Cir. 2001) (affirming the grant of summary judgment in favor of defendant on plaintiff's ADA claim because plaintiff did not present sufficient evidence that she could perform the essential functions of her position, with or without reasonable accommodation).

**c. Plaintiff Cannot Dispute ARAMARK's Legitimate, Non-Discriminatory Reason For Terminating His Employment Or His Failure To Be Reinstated.**

Assuming, arguendo, that Plaintiff was able to demonstrate the existence of a prima facie case of disability discrimination, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its decisions. Kriegel, 266 F. Supp. 2d at 299-300. If ARAMARK provides a legitimate, nondiscriminatory reason for the adverse employment actions, Plaintiff must then demonstrate that the reasons that ARAMARK has asserted are actually a pretext for discrimination. Id. at 300. Plaintiff plainly cannot do so here.

Here, it is undisputed that that ARAMARK calculated Plaintiff's short term disability benefits to expire at the end of December and that Plaintiff was unable to return to work at that point. Ex. E; Pl. Dep. at 24:12-19, 46:14-17. Accordingly, ARAMARK terminated Plaintiff based on its policy, which requires the termination of employees who have been on short term disability for 180 days and who cannot return to work at that point. Ex. E. Plaintiff cannot point to any record evidence suggesting that ARAMARK applied or applies the policy in a discriminatory manner, nor that ARAMARK treated any similarly situated, non-disabled employee differently under the policy than it did Plaintiff.

The Court of Appeals for the Sixth Circuit affirmed summary judgment in favor of the defendant employer in a similar case where the defendant like ARAMARK was simply applying a neutral short term disability policy when it terminated the plaintiff's employment. See Sullivan v. Coca-Cola Bottling Co. of Ohio/Kentucky, 182 F. App'x 473, 478 (6th Cir. 2006). In

Sullivan, the plaintiff went on disability leave for stress and emotional distress. Id. at 475. The company policy provided for twenty-six weeks of short-term disability benefits. Id. at 478. The plaintiff was on short-term disability for twenty-six weeks and shortly before the end of that twenty-six week period, the plaintiff received a letter from the company advising her that she would be terminated upon the expiration of her short-term disability benefits. Id. The plaintiff never reported to work after the expiration of her short-term disability benefits and, as a result, the defendant terminated her employment. Id. at 476. The court found that the plaintiff did not present any evidence that other employees exceeded their allotted amount of short-term disability leave and were not subsequently terminated. Id. at 478. The court also held that the plaintiff failed to establish that the defendant's asserted reason for her termination was a pretext for unlawful discrimination and, therefore, the court affirmed summary judgment in favor of the defendant employer on the plaintiff's discriminatory termination claim. Id.

Plaintiff may attempt to establish pretext by arguing that ARAMARK miscalculated the length of his short term disability. However, Plaintiff's disagreement with ARAMARK's calculation cannot establish that ARAMARK's legitimate, non-discriminatory reasons were pretextual. See Bresett v. City of Claremont, 218 F. Supp. 2d 42, 46-47 (D.N.H. 2002) ("It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible. He must show that the explanation given is 'a phony reason.' If the plaintiff shows that the reason given is not true, then he has shown pretext.") (citing Mister v. Illinois Cent. Gulf R.R. Co., 832 F.2d 1427, 1435 (7th Cir. 1987) and quoting Mister for the principle that "[t]he employer need not have 'good' reasons, and a mistaken business decision is not on that account a 'pretext.'"). Thus, Plaintiff cannot demonstrate pretext simply by claiming that ARAMARK miscalculated the expiration of his short term disability. For these reasons, even if Plaintiff could

establish a prima facie case of discrimination, this Court should enter summary judgment on Plaintiff's termination claims because ARAMARK terminated Plaintiff's employment based on the mechanical operation of its legitimate, non-discriminatory policy.

**3. To The Extent That Plaintiff Claims That ARAMARK Discriminated Against Him By Failing To Rehire Him, This Claims Also Fails.**

Nor can Plaintiff present any evidence to establish that ARAMARK's proffered reasons for his failure to be rehired were pretextual. It is undisputed that after December 24, 2003, Plaintiff was no longer an ARAMARK employee. Pl. Dep. at 8:17-20, 39:6-14. When Plaintiff presented himself as able to return to work nine months later, ARAMARK explained the procedure that required him to apply for a position through the Internet. Pl. Dep. at 85:23-86:9, 90:18-21, 122:22-123:3. Although Plaintiff identified approximately 300 jobs that he could have applied for on the Internet, he refused to apply for any such jobs. Pl. Dep. at 86:10-17, 87:3-15, 90:5-8, 90:14-17. Furthermore, several ARAMARK employees contacted Plaintiff about possible job opportunities, on a contract basis or otherwise,[4] with ARAMARK accounts, but Plaintiff declined these opportunities. Pl. Dep. 102:1-13. Accordingly, Plaintiff's failure to be rehired by ARAMARK was of his own choosing because he refused to apply for job through the Internet and he declined the ARAMARK job opportunities presented to him. See Phelps, 251 F.3d at 27 (affirming grant of summary judgment in favor of defendant and holding that the lack of success of the interactive process did not create any liability under the ADA where Plaintiff turned down several job opportunities and otherwise failed to cooperate in the interactive process).

[4] Plaintiff admits that he does not know whether the all of positions offered to him were only on an outside contract basis. (Pl. Dep. at 97:6-12; 107:11-24).

Furthermore, it is undisputed that ARAMARK lost its Chesapeake Account in December, 2003, so Plaintiff's former position no longer existed. Pl. Dep. at 22:23-23:9, 23:20-23, 24:7-14. "An employer is not required by the ADA to create a new job for an employee, nor to re-establish a position that no longer exists." Phelps, 251 F.3d at 27. Therefore, ARAMARK had no obligation to create a new position for Plaintiff when he sought to return to work.

Moreover, there is simply no evidence that ARAMARK treated Plaintiff differently than a similarly-situated, non-disabled employee. Plaintiff has not identified a single comparator who ARAMARK treated more favorably with regards to its rehiring procedure.

In short, Plaintiff cannot show that ARAMARK's reasons for Plaintiff's failure to be rehired were a mere pretext for discrimination. Plaintiff cannot sustain his burden in this matter and this Court should enter summary judgment on Plaintiff's claims.

## IV. CONCLUSION

For all of the foregoing reasons, ARAMARK respectfully requests that summary judgment be entered in its favor and that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

Dated: November 9, 2007

ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP

By its Attorneys,

/s/ Michael F. Kraemer

Michael F. Kraemer (#6751)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02906
401-457-5196
401-457-5197 (fax)

/s/ William J. Delany

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215-963-5066/5718
215-963-5001 (fax)

## CERTIFICATION OF SERVICE

I, Michael F. Kraemer, hereby certify that on this 9th day of November 2007, I served a true and correct copy of the within document by first class mail, postage prepaid, on the following:

Nathaniel J. Nazareth, Jr., Esquire
Law Office of Nathaniel J. Nazareth, Jr., P.C.
36 South County Commons Way, Unit C-6
P.O. Box 788
Wakefield, RI 02880-2279

/s/ Michael Kraemer

842889v1